# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES KALISZUK

      Plaintiff,                                 Case No. 21-11572

v.                                                    Hon. Sean F. Cox

SILVER MAPLES OF CHELSEA

      Defendants.

| NACHT, ROUMEL & NURWITZ, P.C. | STARR, BUTLER, ALEXOPOULOS & STONER, PLLC |
|---|---|
| Noah Hurwitz (P74063) | Joseph A. Starr (P47253) |
| Attorney for Plaintiff | Zeth D. Hearld (P79725) |
| 101 N. Main Street, Ste. 555 | Matthew D. Wellington (P78281) |
| Ann Arbor, MI 48104 | Attorneys for Defendant |
| (734) 663-7550 | 20700 Civic Center Dr., Ste. 290 |
| Nhurwitz@nachtlaw.com | Southfield, MI 48076 |
| | (248) 554-2700 |
| | jstarr@starrbutler.com |
| | zhearld@starrbutler.com |
| | mwellington@starrbutler.com |

**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Plaintiff James Kaliszuk, by and through his attorneys, NACHT, ROUMEL & HURWITZ, P.C., respectfully moves this Court to strike Defendant's Affirmative Defenses #2, #8, #9, #11 and #13 pursuant to Federal Rule of Civil Procedure 12(f). In support of the motion, Plaintiff states as follows:

1.    Plaintiff was employed as Director of Facility Operations for Defendant Silver Maples of Chelsea (hereinafter "Defendant") from July 20, 2021 until January

1

13, 2020.  (ECF No. 1, PageID. 2.)  Plaintiff's claim arises out of Defendant's unlawful and unnecessary inquiries into Plaintiff's mental health condition prior to his abrupt termination.

2. On August 30, 2021, Defendant filed its Answer to Plaintiff's Complaint and Affirmative Defenses.  (ECF No. 4.)

### Defendant's Affirmative Defense #2

3. Defendant's Affirmative Defense #2 states, "Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations and/or jurisdictional prerequisites."

4. Plaintiff moves to strike Affirmative Defense #2 because Plaintiff timely filed his charge with the Equal Employment Opportunity Commission and jurisdiction is proper in this Court.  Defendant's Affirmative Defense #2 cannot succeed based on any facts known to Plaintiff at this time.

5. Pursuant to L.R. 7.1, Plaintiff requested that Defendant strike Affirmative Defense #2 or "clarify" why the defense could be meritorious.  (**Exhibit 1**, Concurrence Email Thread.)  Plaintiff asked, "if you have information that makes you think that they need to be asserted, please let me know."  Defense counsel stated that he would "look more carefully [on September 14, 2021] and let you know my thoughts," but did not respond further, thus necessitating the filing of this motion.

**Defendant's Affirmative Defense #8**

6.     Defendant's Affirmative Defense #8 states, "Plaintiff has failed to meet some or all of the jurisdictional prerequisites for bringing a claim under the Americans with Disabilities Act of 1990."

7.     Plaintiff moves to strike Affirmative Defense #8 because Plaintiff timely filed his charge with the Equal Employment Opportunity Commission and met all of the jurisdictional prerequisites for jurisdiction to be proper in this Court. Defendant's Affirmative Defense #8 cannot succeed based on any facts known to Plaintiff at this time.

8.     Pursuant to L.R. 7.1, Plaintiff requested that Defendant strike Affirmative Defense #8 or "clarify" why the defense could be meritorious.  (Ex. 1.) Plaintiff asked, "if you have information that makes you think that they need to be asserted, please let me know."  Defense counsel stated that he would "look more carefully [on September 14, 2021] and let you know my thoughts," but did not respond further, thus necessitating the filing of this motion.

**Defendant's Affirmative Defense #9**

9.     Defendant's Affirmative Defense #9 states, "No reasonable accommodation could have been provided Plaintiff inasmuch as the accommodation would have imposed an 'undue hardship' upon Defendant as that phrase is defined within the Americans with Disabilities Act."

10. Plaintiff moves to strike Affirmative Defense #9 because Plaintiff did not request an accommodation in this matter and there is no allegation that Defendant failed to accommodate a disability.

11. Pursuant to L.R. 7.1, Plaintiff requested that Defendant strike Affirmative Defense #9 or "clarify" why the defense could be meritorious. (Ex. 1.) Plaintiff asked, "if you have information that makes you think that they need to be asserted, please let me know." Defense counsel stated that he would "look more carefully [on September 14, 2021] and let you know my thoughts," but did not respond further, thus necessitating the filing of this motion.

### Defendant's Affirmative Defense #11

12. Defendant's Affirmative Defense #11 states, "Plaintiff is not entitled to recover some or all of her alleged damages as a result of the doctrine of after-acquired evidence."

13. Plaintiff moves to strike Affirmative Defense #11 because there is no "after-acquired evidence" that would justify the termination.

14. Pursuant to L.R. 7.1, Plaintiff requested that Defendant strike Affirmative Defense #11 or "clarify" why the defense could be meritorious. (Ex. 1.) Plaintiff asked, "[c]an you clarify whether this is wishful thinking or has Defendant indeed learned of evidence for an alternative theory upon which it could have terminated [Plaintiff]." Defense counsel stated that he would "look more carefully

[on September 14, 2021] and let you know my thoughts," but did not respond further, thus necessitating the filing of this motion.

### Defendant's Affirmative Defense #13

15. Defendant's Affirmative Defense #13 states the following:

> Defendant demands an itemized bill of particulars setting forth with specificity and in detail each and every item of loss, damage, and expense claimed and relied upon by Plaintiff, together with the nature and amount of such item(s) and the person(s) to whom such amounts have been paid and/or to whom indebtedness exists. Defendant hereby gives notice that upon failure of Plaintiff to timely furnish the same within due course, and Defendant will seek to have the case dismissed.

16. Plaintiff moves to strike Affirmative Defense #13 because it is a nonsensical demand that does not comport with the Federal Rules of Civil Procedure and not constitute a valid affirmative defense. Affirmative Defense #13 is an interrogatory of sorts that purports to have dispositive consequences if Plaintiff does not timely provide an "itemized" list of damages.

17. Pursuant to L.R. 7.1, Plaintiff requested that Defendant strike Affirmative Defense #13 or "clarify" why the defense could be meritorious. (Ex. 1.) Plaintiff asked, "if you have information that makes you think that they need to be asserted, please let me know." Defense counsel stated that he would "look more carefully [on September 14, 2021] and let you know my thoughts," but did not respond further, thus necessitating the filing of this motion

5

18. Accordingly, Plaintiff moves this Court to strike Defendant's Affirmative Defenses #2, #8, #9, #11 and #13 because at this juncture these affirmative defenses cannot succeed despite any facts which could be proved in support of the defense or are inferable from the pleadings.

WHEREFORE, for the reasons stated above as well as those stated in the accompanying Brief in Support, Plaintiff respectfully requests that this Court grant this Motion to Strike.

Respectfully submitted
NACHTLAW, P.C.
*/s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
*Attorney for Plaintiff*

Date: September 20, 2021

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES KALISZUK

    Plaintiff,	Case No. 21-11572

v.	Hon. Sean F. Cox

SILVER MAPLES OF CHELSEA

    Defendants.

| NACHT, ROUMEL & NURWITZ, P.C. | STARR, BUTLER, ALEXOPOULOS & STONER, PLLC |
|---|---|
| Noah Hurwitz (P74063) | Joseph A. Starr (P47253) |
| Attorney for Plaintiff | Zeth D. Hearld (P79725) |
| 101 N. Main Street, Ste. 555 | Matthew D. Wellington (P78281) |
| Ann Arbor, MI 48104 | Attorneys for Defendant |
| (734) 663-7550 | 20700 Civic Center Dr., Ste. 290 |
| Nhurwitz@nachtlaw.com | Southfield, MI 48076 |
| | (248) 554-2700 |
| | jstarr@starrbutler.com |
| | zhearld@starrbutler.com |
| | mwellington@starrbutler.com |

## BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION TO STRIKE AFFIRMATIVE DEFENSES

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iii

STATEMENT OF QUESTIONS PRESENTED.................................................... iv

STATEMENT OF FACTS .....................................................................................1

STANDARD OF REVIEW ....................................................................................3

ARGUMENT ..........................................................................................................3

   I. DEFENDANT'S AFFIRMATIVE DEFENSE #2 SHOULD BE STRICKEN BECAUSE PLAINTIFF'S CLAIMS ARE TIMELY ............................................4

   II. DEFENDANT'S AFFIRMATIVE DEFENSE #8 SHOULD BE STRICKEN BECAUSE JURISDICTION IS PROPER. ..........................................................5

   III. DEFENDANT'S AFFIRMATIVE DEFENSE #9 SHOULD BE STRICKEN BECAUSE THERE IS NO CLAIM FOR FAILURE TO ACCOMMODATE.....5

   IV. DEFENDANT'S AFFIRMATIVE DEFENSE #11 SHOULD BE STRICKEN BECAUSE DEFENDANT POSSESSES NO EVIDENCE OF AN AFTER-ACQUIRED DEFENSE AT THIS TIME. ..............................................................6

   V. DEFENDANT'S AFFIRMATIVE DEFENSE #13 SHOULD BE STRICKEN BECAUSE IT IS NOT AN AFFIRMATIVE DEFENSE. ....................................6

CONCLUSION.......................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Ameriwood Industries Intern Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997)......................................................................................3

*Federal Nat'l Mortg. Ass'n. v. Emperian at Riverfront, LLC*, No 11-14119, 2013 WL 5500027, at *7 (E.D. Mich. Oct 3, 2013).......................................................3

*Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) ............................3

*Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).....................................................................................3

**Rules**

Fed R Civ P 12(f)........................................................................................................3

## STATEMENT OF QUESTIONS PRESENTED

I. Whether Defendant's Affirmative Defense #2 should be stricken because there is no factual basis that would support the viability of the affirmative defense?

**Plaintiff answers "Yes"**

**This Court Should Answer "Yes"**

II. Whether Defendant's Affirmative Defense #8 should be stricken because jurisdiction is proper in this Court?

**Plaintiff answers "Yes"**

**This Court Should Answer "Yes"**

III. Whether Defendant's Affirmative Defense #9 should be stricken because Plaintiff did not ask for accommodation?

**Plaintiff answers "Yes"**

**This Court Should Answer "Yes"**

IV. Whether Defendant's Affirmative Defense #11 should be stricken because Defendant knows of no after-acquired evidence that would support the affirmative defense?

**Plaintiff answers "Yes"**

**This Court Should Answer "Yes"**

V. Whether Defendant's Affirmative Defense #13 should be stricken because it is not an affirmative defense?

**Plaintiff answers "Yes"**

**This Court Should Answer "Yes"**

## STATEMENT OF FACTS

Plaintiff was employed as Director of Facility Operations for Defendant Silver Maples of Chelsea (hereinafter "Defendant") from July 20, 2021 until January 13, 2020. (ECF No. 1, PageID. 2.) Plaintiff's claim arises out of Defendant's unlawful and unnecessary inquiries into Plaintiff's mental health condition prior to his abrupt termination. Plaintiff exhausted his administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") on or about February 1, 2021, alleging disability discrimination and retaliation. (*Id.*) After the EEOC completed processing the charge, it sent Plaintiff a "Right to Sue" letter, dated June 9, 2021. (*Id.*) On August 30, 2021, Defendant filed its Answer to Plaintiff's Complaint and Affirmative Defenses. (ECF No. 4.)

Defendant's Affirmative Defense #2 states, "Defendant's Affirmative Defense #2 states, "Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations and/or jurisdictional prerequisites." (ECF No. 4, PageID.23.)

Defendant's Affirmative Defense #8 states, "Plaintiff has failed to meet some or all of the jurisdictional prerequisites for bringing a claim under the Americans with Disabilities Act of 1990." (ECF No. 4, PageID.24.)

Defendant's Affirmative Defense #9 states, "No reasonable accommodation could have been provided Plaintiff inasmuch as the accommodation would have

1

imposed an 'undue hardship' upon Defendant as that phrase is defined within the Americans with Disabilities Act." (*Id.*)

Defendant's Affirmative Defense #11 states, "Plaintiff is not entitled to recover some or all of her alleged damages as a result of the doctrine of after-acquired evidence." (*Id.*)

Defendant's Affirmative Defense #13 states the following:

> Defendant demands an itemized bill of particulars setting forth with specificity and in detail each and every item of loss, damage, and expense claimed and relied upon by Plaintiff, together with the nature and amount of such item(s) and the person(s) to whom such amounts have been paid and/or to whom indebtedness exists. Defendant hereby gives notice that upon failure of Plaintiff to timely furnish the same within due course, and Defendant will seek to have the case dismissed.

(ECF No. 4, PageID.25.)

On September 13, 2021, Plaintiff requested that Defendant strike five affirmative defenses or "clarify" why the defenses could possibly be meritorious. (**Exhibit 1**, Concurrence Email Thread.) Plaintiff asked, "if you have information that makes you think that they need to be asserted, please let me know." (*Id.*) Defense counsel stated that he would "look more carefully [on September 14, 2021] and let you know my thoughts," but did not respond further. (*Id.*)

## STANDARD OF REVIEW

Fed R Civ P 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of the motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with" them early in the case. *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986). "Ultimately, the decision to strike a pleading is firmly within the discretion of the court." *Ameriwood Industries Intern Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997). Additionally, the Sixth Circuit has found that "[a] motion to strike should be granted if it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). This District has found that "[s]triking an affirmative defense pursuant to Rule 12(f) is also proper if it aids in eliminating spurious issues before trial, thereby streamlining the litigation." *Federal Nat'l Mortg. Ass'n. v. Emperian at Riverfront, LLC*, No 11-14119, 2013 WL 5500027, at *7 (E.D. Mich. Oct 3, 2013).

## ARGUMENT

At issue in this motion is whether Defendant's oddly placed affirmative defenses should be stricken to streamline the litigation. Defendant's justification for

3

its preposterous affirmative defenses is that they "don't apply until we conduct discovery." *See* Ex. 1, p. 4. However, none of the affirmative defenses—several of which are not even actual affirmative defenses—have the ability to ripen during the discovery period. Instead, Defendant has pled what appear to be boilerplate affirmative defenses against an ADA claim that bear no relation to the facts alleged in Plaintiff's Complaint. Rather than expend effort during discovery to rule out these factually implausible affirmative defenses, Plaintiff sought amendment and/or clarification from defense counsel. However, because Defendant apparently feels it is entitled to file frivolous affirmative defenses, adjudication of these issues is now necessary. For the following reasons, Defendant's Affirmative Defenses #2, #8, #9, #11 and #13 must be stricken from Defendant's August 30, 2021 Answer to the Complaint.

I. **DEFENDANT'S AFFIRMATIVE DEFENSE #2 SHOULD BE STRICKEN BECAUSE PLAINTIFF'S CLAIMS ARE TIMELY**

Affirmative Defense #2 ("Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations and/or jurisdictional prerequisites") is not sustainable. It is undisputed that Plaintiff wasted very little time following his termination in obtaining legal counsel, filing a charge with the EEOC, and then filing the Complaint (ECF No. 1) within 90 days of receiving a Right to Sue letter. Defendant's Affirmative Defense #2 cannot succeed based on any facts known to the parties at this time and should be stricken.

4

**II.     DEFENDANT'S AFFIRMATIVE DEFENSE #8 SHOULD BE STRICKEN BECAUSE JURISDICTION IS PROPER.**

Affirmative Defense #8 ("Plaintiff has failed to meet some or all of the jurisdictional prerequisites for bringing a claim under the Americans with Disabilities Act of 1990") again raises a frivolous jurisdictional defense.  It is not so uncommon for defendants in federal court to lay in wait with jurisdictional defenses before burdensomely raising them only after considerable efforts have been taken to adjudicate the case.  If Defendant has a jurisdictional defense, it should be able to clarify what it may be and afford Plaintiff an opportunity to remedy the issue, if practicable.  Here, there do not appear to be any jurisdictional defenses and Affirmative Defense #8 should be stricken.

**III.    DEFENDANT'S AFFIRMATIVE DEFENSE #9 SHOULD BE STRICKEN BECAUSE THERE IS NO CLAIM FOR FAILURE TO ACCOMMODATE.**

Affirmative Defense #9 states, "No reasonable accommodation could have been provided Plaintiff inasmuch as the accommodation would have imposed an 'undue hardship' upon Defendant as that phrase is defined within the Americans with Disabilities Act."  Simply put, Plaintiff has not alleged a claim under the ADA for failure to accommodate.  It is therefore perplexing that Defendant would raise the affirmative defense.  Absent some explanation, Affirmative Defense #9 should be stricken.

**IV.   DEFENDANT'S AFFIRMATIVE DEFENSE #11 SHOULD BE STRICKEN BECAUSE DEFENDANT POSSESSES NO EVIDENCE OF AN AFTER-ACQUIRED DEFENSE AT THIS TIME.**

Affirmative Defense #11 states, "Plaintiff is not entitled to recover some or all of her alleged damages as a result of the doctrine of after-acquired evidence." However, Plaintiff is not aware of any "after-acquired evidence" that could justify his termination.  Plaintiff asked defense counsel, "[c]an you clarify whether this is wishful thinking or has Defendant indeed learned of evidence for an alternative theory upon which it could have terminated [Plaintiff]."  (*Id*.)   There was no response.  Accordingly, Affirmative Defense #11 should be stricken.

**V.   DEFENDANT'S AFFIRMATIVE DEFENSE #13 SHOULD BE STRICKEN BECAUSE IT IS NOT AN AFFIRMATIVE DEFENSE.**

Affirmative Defense #13 states the following:

> Defendant demands an itemized bill of particulars setting forth with specificity and in detail each and every item of loss, damage, and expense claimed and relied upon by Plaintiff, together with the nature and amount of such item(s) and the person(s) to whom such amounts have been paid and/or to whom indebtedness exists.  Defendant hereby gives notice that upon failure of Plaintiff to timely furnish the same within due course, and Defendant will seek to have the case dismissed.

Federal Rule of Civil Procedure 8(c) states that various affirmative defenses must be presented in the response to the complaint.  The ultimatum delivered in Defendant's Affirmative Defense #13 is not a proper affirmative defense.  Further, it cannot be developed during discovery.  Instead, Affirmative Defense #13 is an improperly pled

6

interrogatory that attempts to burden Plaintiff with dispositive consequences for not timely providing an "itemized" list of damages. Accordingly, this Court should strike Affirmative Defense #13.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully request that this Court strike Defendant's Affirmative Defenses #2, #8, #9, #11 and #13.

Respectfully submitted,
NACHTLAW, P.C.


*/s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
*Attorney for Plaintiff*

Date: September 20, 2021

## PROOF OF SERVICE

The undersigned certifies that on this 20th day of September 2021 a copy of the foregoing Motion was filed via the Court's CM/ECF system, which will cause an electronic copy to be served on all counsel of record.

/s/ Karina Alvarez<br>
Karina Alvarez, Litigation Paralegal